IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES M. BROADHEAD, #224802, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CV-1012-WKW |
| | ) | |
| S. CALDWELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James M. Broadhead, a frequent federal litigant, presently incarcerated at the Bullock Correctional Facility. In the instant complaint, Broadhead alleges that sometime prior to filing this cause of action officials at Bullock used excessive force against him. Doc. 1 at 3–5. Specifically, Broadhead alleges that while he was in handcuffs the defendants struck him with a knight stick, sprayed him with mace and stomped/kicked him then "took [him] outside in the hot sun [where] it was like 95 degrees[.]" Doc. 1 at 5.

**II.  DISCUSSION**

Upon initiating this case, Broadhead did not pay the $350.00 filing fee and attendant $50 administrative fee nor did he file an application for leave to proceed *in forma pauperis*. In cases with these deficiencies, the usual practice of this court is to enter an order advising the plaintiff that he must pay the full filing fee and concomitant administrative fee or submit an application to proceed *in forma pauperis*. However, 28

U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Federal court records establish that Broadhead, while incarcerated or detained, has on at least four occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915(e) as frivolous or malicious.  The actions on which this court relies in finding a § 1915(g) violation by Broadhead are:  (1) *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012) (complaint malicious); (2) *Broadhead v. O'Brian, et al.*, Case No. 4:10-CV-475-JHH-RRA (N.D. Ala. 2010) (complaint frivolous); (3) *Broadhead v. Hopkins, et al.*, Case No. 4:10-CV-439-LSC-RRA (N.D.

---

[1]In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.), *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216, 127 S.Ct. at 921.

Ala. 2010) (complaint frivolous); and (4) *Broadhead v. Kirrire, et al.*, Case No. 4:10-CV-53-VEH-RRA (N.D. Ala. 2010) (complaint frivolous).

As Broadhead has three strikes, he may not proceed *in forma pauperis* in this case unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "A plaintiff must provide the court with specific allegations of ***present imminent danger*** indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013)) (emphasis added); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014) (holding that, to meet the exception to application of § 1915(g)'s three strikes bar, the facts contained in the complaint must show that the plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action."); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Upon review of the present complaint, which is concerned only with a past alleged use of excessive force and deliberate indifference, the court finds that Broadhead has failed to demonstrate that he "is under imminent danger of serious physical injury" as is required to meet the exception allowing circumvention of the directives contained in 28

3

U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g). Consequently, even if Broadhead sought *in forma pauperis* status in the instant action, he is not entitled to such status due to his violation of the "three strikes" provision of 28 U.S.C. § 1915(g).

Based on the foregoing analysis, the court concludes that this case is due to be summarily dismissed without prejudice as Broadhead failed to pay the requisite filing and administrative fees upon his initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee [and now applicable administrative fee] at the time he *initiates* the suit.") (emphasis in original); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for the plaintiff's failure to pay the filing and administrative fees upon initiation of this case. It is further

ORDERED that on or before **December 20, 2018** the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and

legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 6th day of December, 2018.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE